**LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
RITA R. KANNO, SB# 230679
  E-Mail: Rita.Kanno@lewisbrisbois.com
JULIE W. O'DELL, SB# 291083
  E-Mail: Julie.ODell@lewisbrisbois.com
BRIAN K. KATOOZI, SB# 312258
  E-Mail: Brian.Katoozi@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendant, VENTURE DYNAMICS ENTERPRISES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE PONCE CEJA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VENTURE DYNAMICS ENTERPRISES, INC., and DOES 1 to 100,<br><br>Defendants. | Case No. **'22CV0918 L    AHG**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, AND 1453**<br><br>**[CAFA JURISDICTION]**<br><br>[Filed concurrently with Declarations of Brian Katoozi and Austin Shelton]<br><br>Action Filed: March 23, 2022<br>Trial Date: Not set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Venture Dynamics Enterprises, Inc. ("Defendant"), by and through its counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. In support of this Notice of Removal, Defendant states:

## COMPLAINT AND TIMELINESS OF REMOVAL

1. On May 23, 2022, the California Supreme Court held, among other things, that the premium compensation for missed meal periods and rest breaks should be treated as unpaid "wages" and can trigger statutory penalties related to waiting time penalties, as well as inaccurate wage statement penalties under Labor Code §§203 and 226. *Naranjo v. Spectrum Security Services, Inc*. (citation pending); *See* Declaration of Brian K. Katoozi ("Katoozi Decl."), slip opinion, attached as Exhibit A ¶3. Previously, the California Court of Appeal held the premium compensation for missed meal periods and rest breaks could not be a basis to premise derivative claims for violations of Labor Code §§203 and 226 and the only damages to which the plaintiffs were entitled included the one hour of premium compensation for any missed meal period or rest breaks. *See Naranjo, et al. v. Spectrum Security Services, Inc.* 2019 WL 4686516 (Cal. Ct. App. September 26, 2019), <u>as modified on denial of reh'g</u> (Oct. 10, 2019) (holding allegations of meal and rest period violations <u>do not</u> entitle employees to pursue the derivate penalties in sections 203 and 226, i.e. waiting time penalties and wage statement penalties).

2. This matter is a wage and hour employment class action brought by Plaintiff Noe Ponce Ceja arising from his employment with Defendant. Plaintiff, on behalf himself and the putative class, alleges Defendant has instituted and implemented unlawful wage-and-hour policies, which constitute unfair, unlawful, or fraudulent business acts or practices within the State of California. On March 23, 2022, Plaintiff filed his First Amended Complaint, entitled NOE PONCE CEJA *v.* VENTURE DYNAMICS ENTERPRISES, INC. *and Does 1 through 100,* in the Superior Court of California, County of San Diego, Case No. 37-2022-00004908-CU-OE-CTL. ("FAC", *See* Katoozi Decl, attached as Exhibit B, at ¶4.)

3. Plaintiff asserts the following claims: (1) Violation of Business & Professions Code §17200, et seq. (2) Violation of Labor Code §§ 204, 510, 1194, and 1198; (3) Inaccurate Wage Statements in Violation of Labor Code §226); (4)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Failure to Provide Meal Periods; (5) Failure to Provide Rest Periods; (6) Work Expenditure Reimbursements; (7) Waiting Time Penalties; (8) Penalties Under PAGA Labor Code §2698, et seq. (Ex. A at pp. 3-21.)

4. The First Amended Complaint ("FAC") was served on Defendant on March 29, 2022. (*See* Katoozi Decl., Proof of Service, attached as Exhibit C, at ¶5.) On April 29, 2022, Defendant filed its Answer to the FAC. (*See* Katoozi Decl., Answer, attached as Exhibit D, at ¶6.)

5. In addition to Exhibits A, B, C and D to Katoozi Decl., the state court action contains the additional process, pleadings, and orders: Complaint, Civil Case Cover Sheet, and Original Summons. (*See* Katoozi Decl., attached as Exhibits E-G, at ¶ 7.)

6. To Defendant's knowledge, the pleadings from Exhibits A – G constitute all process, pleadings, and orders filed in the state court action. *See* 28 U.S.C. § 1446(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because it embraces the state court where the removed action has been pending.

8. To Defendant's knowledge, no other defendant(s) have been either named or served in the instant action and, thus, the consent requirement under 28 U.S.C. § 1446(b)(2) is not applicable.

9. This Notice of Removal is timely filed within 30 days after the date this case became removable based on the California Supreme Court's ruling on May 23, 2022, in *Naranjo v. Spectrum Security Services, Inc*. that allowed missed meal periods and rest breaks to be the basis for derivative penalties under the Labor Code. Based on the calculations of the derivative claims for waiting time penalties (Labor Code §203) and inaccurate wage statements (Labor Code §226), this lawsuit is now removable under the Class Action Fairness Act ("CAFA"), which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. §§ 1453 and 1332(d).

**THIS CASE CAN BE REMOVED PURSUANT TO 28 U.S.C. § 1453(b) BECAUSE IT QUALIFIES AS A "CLASS ACTION" THAT MEETS THE REQUIREMENTS OF 28 U.S.C. § 1132(d)(2)**

10. This case qualifies as a "class action" in which the putative class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one or more members of the putative class and Defendant are citizens of different states. See 28 U.S.C. §§ 1332(d). Consequently, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a "class action" may be removed to federal court in accordance with 28 U.S.C. § 1446(b).

    **A.    The putative class includes at least 100 members.**

11. Plaintiff purports to bring this action as an individual and on behalf of "all other similarly situated California hourly employees." *See* FAC, ¶ 22. Plaintiff divides his class action into five separate classes for: (1) all hourly non-exempt California employees who worked at Defendant from four years preceding the filing of the Complaint through the date of certification who did not receive wages and/or premium pay for missed rest and meal breaks at the correct regular rate of pay (Regular Rate Class); (2) all hourly non-exempt California employees who worked at Defendant from three years preceding the filing of the Complaint through certification who are no longer employed with Defendant (Waiting Time Penalty Class); (3) all hourly non-exempt California employees who worked at Defendant from four years preceding the filing of the Complaint through certification who did not receive an uninterrupted meal periods before the end of the fifth hour worked (Meal Break Class)[1]; (4) all hourly non-exempt California employees who worked for Defendant from one year preceding the filing of the Complaint through certification who received a pay stuff (Pay Stub Class); and (5) all hourly non-

---

[1] Plaintiff asserts a subclass for all hourly non-exempt California employees who worked at Defendant and did not receive an interrupted second meal period of 30 minutes by the end of the 10th hour worked (Second Meal Break Class). FAC, ¶ 22.

exempt California employees who worked for Defendant from four years preceding the filing of the Complaint to preliminary approval or judgment who were not authorized or permitted to take a rest periods every four hours or major fraction thereof (Rest Period Class). *Id.*

**B. Defendant is not a governmental entity.**

12. Under 28 U.S.C. § 1332(d)(5)(B), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." Defendant is a private corporation, not a state, state official or other government entity exempt from the CAFA. *See* Katoozi Decl., at ¶8.

**C. The amount in controversy exceeds $5,000,000.**

13. This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

14. The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 88-89. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*

15. Defendant denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are

entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy exceeds the jurisdiction minimum of $5,000,000.

16. For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that the Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability."). The ultimate inquiry is what amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy).

17. Here, the $5,000,000 threshold is met. Plaintiff alleges that Defendant has "ongoing unfair business practices," including its policy to pay straight time instead of the correct regular rate of pay for overtime and premium compensation for missed meal periods and rest breaks, violated meal break provisions and failed to provide a compliant meal period, failed to provide rest breaks. (FAC, ¶¶ 30, 32, 33, and 34-35.) Plaintiff also alleges Defendant has a "policy of discouraging, dissuading and/or impeding Plaintiff and the class from taking meal periods." (FAC, ¶ 60.) Plaintiff similarly alleges Defendant has a "policy of discouraging, dissuading and/or impeding employees from taking a duty-free rest period break." (FAC, ¶¶ 65.) Plaintiff also alleges "even if" one hour of premium compensation was paid for a missed meal period or rest break, it was not at the correct regular rate of pay. (FAC, ¶¶ 62 and 66.)

18.     Additionally, Plaintiff alleges that Defendant failed to provide him and putative class members with compliant wage statements and failed to pay all wages due at the time of termination to him and the putative class. (FAC, ¶¶ 53-58, and 73-77).

19.     Plaintiff also alleges a cause of action for violations of the Unfair Competition Law ("UCL"), Business and Professions Code § 17200, et seq. (FAC, ¶¶ 27-29.) Alleging a UCL violation may extend the statute of limitations for Plaintiff's and the putative class' rest break, and unpaid wages claims from three to four years from the filing of the Complaint, which in this case, extends the statute of limitations to February 7, 2018. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

20.     For purposes of removal, Defendant must assume (without conceding) the truth of Plaintiff's allegations for purposes of assessing amount in controversy. With missed meal periods and rest breaks as an additional basis to recover penalties for inaccurate wage statements and waiting time penalties under *Naranjo v. Spectrum Security Services, Inc.* (citation pending), the amount at controversy requirement is clearly met.

21.     During the period of four years prior to the filing of the Complaint through present, there are approximately 723 hourly employees, who earned an average hourly rate of $17.30. (*See* Declaration of Austin Shelton ("Shelton Decl."), ¶4.)

               **1.     Inaccurate Wage Statements.**

22.     In his Third Cause of Action, Plaintiff alleges that Defendant failed to provide accurate wage statements. (FAC, ¶ 53-58.) Plaintiff incorporates by reference all of the preceding paragraphs for his Third Cause of Action. (FAC, ¶ 53.) The preceding paragraphs include allegations for the failure to pay overtime at the regular rate, the failure to provide meal periods, the failure to provide rest periods, and the

failure to properly pay for any missed meal periods or rest breaks. (*Id.*, ¶¶ 27-40.) Plaintiff and the putative class seek to recover damages, statutory damages and/or statutory penalties pursuant to Labor Code section 226, attorneys' fees and costs. (*Id.*, ¶ 58, Prayer for Relief.) Accordingly, under *Naranjo v. Spectrum Security Services, Inc.* (citation pending), missed meal periods and rest breaks can now form a basis for inaccurate wage statement damages and penalties under Labor Code section 226.

23. The wage statement cause of action has a one-year limitations period (i.e., February 7, 2021 to present) and is not affected by the unfair business practices claim. Potential penalties are $50 per person for the initial pay period, and $100 per person for each later pay period, up to a maximum of $4,000 per employee. While Defendant denies the validity and merit of Plaintiff's wage statement claims, for purposes of removal only, based on the allegations in the Complaint, there are approximately 303 employees employed by Defendant since February 7, 2021. (Shelton Decl., ¶ 6.) These 303 employees have been issued approximately 16,524 pay stubs since February 7, 2021. (Shelton Decl., ¶6.) Based on the allegations in the FAC, Plaintiff alleges that Defendant failed to provide a compliant wage statement on each of the wage statements, although 204 of these employees were issued a sufficient number of wage statements such that they would be over the $4,000 maximum amount in controversy, per employee, for this claim. (Shelton Decl., ¶6.) The remaining 99 employees were issued approximately 1,503 pay stubs since February 7, 2021. (Shelton Decl., ¶6.) As such, the amount at controversy just for this claim, based on the allegations in the FAC, is **$958,800** ([(204 employees x $4,000 = $816,000) + (150 pay periods x $50 = $7,500) + ([1,503 pay periods – 105 pay periods] x $100 = $135,300)]).

### 2. Waiting Time Penalties.

24. For his Seventh Cause of Action, Plaintiff seeks waiting time penalties pursuant to Labor Code § 203. (FAC, ¶¶ 73-77.) The statute of limitations for Plaintiff's Labor Code § 203 waiting time penalty claim is three years. *Pineda v. Bank*

*of America*, N.A., 50 Cal. 4th 1382, 1935 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").  Plaintiff incorporates by reference all of the preceding paragraphs for his Seventh Cause of Action. (FAC, ¶ 73.) The preceding paragraphs include allegations for the failure to pay overtime at the regular rate, the failure to provide meal periods, the failure to provide rest periods, and the failure to properly pay for any missed meal periods or rest breaks. (*Id.*, ¶¶ 27-40.) Accordingly, under *Naranjo v. Spectrum Security Services, Inc.* (citation pending), missed meal periods and rest breaks can now form a basis for inaccurate wage statement damages and penalties under § 203. Plaintiff demands up to thirty days of pay as a penalty for not paying all wages due at the time of termination for himself and the putative class.  (FAC, ¶ 77.)

25. Defendant denies the validity and merit of Plaintiff's waiting time penalties claim.  However, for purposes of removal only, based on a preliminary review of relevant records, Defendant estimates that approximately 649 employees have separated from employment with Defendant since February 7, 2019.  (Shelton Decl., ¶5.) Those employees had an average hourly rate of $17.55. (Shelton Decl., ¶5.) Accordingly, because Plaintiff's allegations include failure to pay over time, missed meal periods, missed rest breaks, and the failure to properly pay the premium compensation for missed meal periods and rest breaks, assuming one violation of either a minute of unpaid wages, a missed meal period, a missed rest break, or the failure to properly pay for a missed meal period or rest break, the reasonable assumption that the putative class would receive waiting time penalties based on eight-hour days for thirty days, and using the average hourly pay rate of $17.55, an estimate of the amount in controversy related solely to waiting time penalties is **$2,733,588** (649 individuals x 30 days x 8 hours/day x $17.55/hour).

### 3. Failure to Provide Meal Periods and Rest Breaks.

26. Pursuant to the California Court of Appeal's decision in *United Parcel Service Wage & Hour Cases,* 196 Cal. App. 4th 57, 69 (2011), should Plaintiff sustain his burden of proof, Plaintiff and the putative class members could be entitled to one hour of premium pay for a missed meal period and one hour of premium pay for a missed rest break in a single day.

27. Although Plaintiff does not allege the number of shifts worked per workweek, the number of shifts in which either meal breaks or rest periods were required, the number of missed meal breaks or rest periods, or any other specific allegations, Plaintiff alleges that Defendant has a "policy of discouraging, dissuading and/or impeding Plaintiff and the class from taking meal periods." (FAC, ¶ 60.) Plaintiff similarly alleges Defendant has a "policy of discouraging, dissuading and/or impeding employees from taking a duty-free rest period break." (FAC, ¶¶ 65.) Plaintiff also alleges "even if" one hour of premium compensation was paid for a missed meal period or rest break, it was not at the correct regular rate of pay. (FAC, ¶¶ 62 and 66.)

28. Between February 7, 2018 and the present[2], Defendant employed approximately 723 hourly employees in California. (Shelton Decl., ¶4.) Based on the available employment records, the time period Plaintiff has placed at issue, and the number of employees, Plaintiff has placed 40,613 workweeks and pay periods in controversy, based on the hire and termination dates of the putative class members. (Shelton Decl., ¶4.) The average hourly rate for the employees employed since

---

[2] As Plaintiff seeks to recover four years of damages by way of his inclusion of a claim pursuant to Bus. & Prof. Code § 17200, Defendant includes all four years for purposes of this removal. However, Defendant does not concede that four years is the appropriate statute of limitations period—or that Plaintiff is entitled to any damages, at all, for this claim.

February 7, 2018 is $17.30. (Shelton Decl., ¶4.)

29. Although Plaintiff's meal period allegations give rise to a reasonable inference that he seeks to place every shift over five hours in controversy, applying a conservative approach – one missed meal periods per week – to Plaintiff's potential damages (and accepting as true Plaintiff's allegations, for purposes of removal only), the amount in controversy with respect to Plaintiff's meal period allegations would be **$702,604.90** ($17.30 per hour x 1 violation per week x 40,613 weeks).

30. Similarly, Plaintiff's rest break allegations give rise to a reasonable inference that he seeks to place every shift over four hours in controversy. However, applying a conservative approach – one missed rest breaks per week – to Plaintiff's potential damages (and accepting as true Plaintiff's allegations, for purposes of removal only), the amount in controversy with respect to Plaintiff's rest break allegations would be **$702,604.90** ($17.30 per hour x 1 violation per week x 40,613 weeks).

### 4. Unpaid Wages and/or Overtime Wages.

31. Plaintiff alleges that Defendant did not pay either overtime or overtime at the correct rate  (FAC, ¶ 41-52.)

32. Plaintiff does not allege the number of overtime hours he contends is unpaid. (*See* FAC, generally.)  As discussed above, during the period of four years prior to the complaint to the present, there were at least 723 employees and 40,613 workweeks at issue, with an average hourly rate of $17.30.  Even taking a conservative approach and limiting Plaintiff's claim to only two hours of under paid wages per week at straight time instead of time and a half is **$702,604.9** (40,613 workweeks x 2 hour of wages x $8.65 [17.30/2]).

### 5. Claim for Attorneys' Fees.

33. Plaintiff also seeks attorneys' fees and costs in his Complaint. (See FAC, Prayer for Relief.)  The Court must consider attorneys' fees in determining

whether the amount in controversy is met, since the California Labor Code allows recovery of such fees. It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g., Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), cert. denied, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). In California, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the settlement. *See, e.g., McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in exemption misclassification class action, but reversing as to multiplier); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equate to total fees of $1,199,550 in class action involving violations of a living wage ordinance, among others).

34. The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court has concluded that the 'bench mark' percentage for the fee award should be 25 percent.") (citation omitted); *Lo v. Oxnard Euro. Motors, LLC*, No. 11-CV-1009, 2012 US. Dist. LEXIS 73983, *8-9 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

**D.     Summary of Amount in Controversy.**

35. Even when taking a conservative approach, the amount that Plaintiff has placed in controversy totals **$5,800,202.70** plus attorneys' fees. [$958,800.00 + $2,733,588.00 + $702,604.90 + $702,604.90 + $702,604.90]. This subtotal exceeds

$5,000,000 absent inclusion of any attorneys' fees. However, taking into account attorneys' fees at the benchmark percentage of 25% further increases the amount in controversy by $1,450,050.68, for a total amount in controversy of **$7,250,253.38.**

| Plaintiff's Claim | Amount in Controversy |
|---|---|
| Wage Statement Penalties | $958,800.00 |
| Waiting Time Penalties | $2,733,588.00 |
| Missed Meal and Rest Break Penalties | $1,405,209.80 ($702,604.90 each) |
| Unpaid Wages | $702,604.90 |
| Attorneys' Fees | $1,450,050.68 |
| **Total Conservative Amount in Controversy:** | **$7,250,253.38** |

36. Removal of this action is therefore proper as the aggregate value of Plaintiff's class causes of action for unpaid wages and/or overtime, missed meal periods, missed rest periods, inaccurate wage statements, final wages not timely paid, and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5,000,000. See 28 U.S.C. § 1332(d)(2). Notably, the analysis above does not consider pre- or post-judgment interest, restitution pursuant to Bus. & Prof. Code § 17200, or costs of suit. (*See* FAC, Prayer for Relief.)

37. Further, the claims alleged will likely not be tried for at least a year into the future, during which time the amount in controversy will continue to increase as the number of putative class members and workweeks continue to increase.

38. As the foregoing shows, the putative class' claims easily exceed the $5,000,000 amount in controversy threshold for the purpose of CAFA jurisdiction.

E.  **Plaintiff and Defendant Are Citizens of Different States.**

39. CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any

defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F3d 1129, 11 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

40. For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

41. The FAC alleges Plaintiff resides in San Diego County, California, and was at all times relevant to the Complaint a resident of California. (*See* FAC at ¶2-3; attached as Exhibit B to Katoozi Decl.) Plaintiff is therefore a citizen of California.

42. The FAC further alleges that Defendant is, and at the time of filing of this action was, a corporation organized under the laws of Virginia, with its principal place of business in Virginia. (*See* FAC at ¶4; attached as Exhibit B to Katoozi Decl.) Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." Thus, Defendant is a citizen of Virginia.

43. For purposes of removal based on diversity of citizenship, the citizenship of defendants sued under fictitious names is disregarded. 28 U.S.C. § 1441(b)(1); *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Thus, the citizenship of alleged Doe defendants is of no consequence for purposes of this removal.

44. Plaintiff is a citizen of California and Defendant is a citizen of Virginia. Thus, complete diversity exists as required under 28 U.S.C. § 1332(a).

## REMOVAL IS TIMELY

45. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant within 30 days of when removal becomes possible but no later than a year from the filing of the complaint. *See* 28 U.S.C. § 1446(b) see also *Chalian v. CVS Pharmacy, Inc.,* 2:16-cv-08979-AB-AGR (C.D. Cal. Jul. 16, 2021) (California District Court holding that if the complaint or any other paper on its face does not provide the basis for removal and the defendant's own investigation discovered grounds for removal, then defendants can remove the case up to one year after the commencement of the action).

46. Here, removal of this action is timely because Notice has been filed within 30 days from May 23, 2022, when the California Supreme Court issued its opinion in *Naranjo v. Spectrum Security Services, Inc.* (citation pending), allowing missed meal periods and rest breaks to serve as a basis for derivative claims under the Labor Code for inaccurate wage statements and waiting time penalties. This allows Plaintiff's Labor Code §§203 and 226 to include all putative class members during the relevant statutory periods and damages to be calculated that exceeds the $5 million amount in controversy. Prior to the *Naranjo* decision, missed meal periods and rest breaks were not considered wages to form a basis for inaccurate wage statements or waiting time penalties. With the inclusion of that basis, Defendant is able to calculate $958,800.00 for inaccurate wage statements and $2,733,588.00 for waiting time penalties to include in the amount in controversy.

## VENUE

47. Venue is proper in this district and division because the Superior Court of the State of California for the County of San Diego is located within the federal

Southern District of California and thus is the "district and division embracing the place where such action is pending." 28 U.S.C. § 84(c), 1391, 1441(a) and 1446.

### NOTICE TO PLAINTIFF

48. As required by 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal.

### NOTICE TO THE STATE COURT

49. As required by 28 U.S.C. § 1446(d), Defendant will promptly file this Notice of Removal with the Clerk of the Superior Court of California for the County of San Diego.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, Defendant removes this case from the Superior Court of the State of California, County of San Diego, to the United States Court for the Southern District of California.

DATED: June 22, 2022         LEWIS BRISBOIS BISGAARD & SMITH LLP


By:    /s/ Rita R. Kanno
John L. Barber
Rita R. Kanno
Julie W. O'Dell
Brian Katoozi
Attorneys for Defendant, VENTURE DYNAMICS ENTERPRISES, INC.