# EXHIBIT D

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
JULIE W. O'DELL, SB# 291083
  E-Mail: Julie.ODell@lewisbrisbois.com
BRIAN KATOOZI, SB# 312258
  E-Mail: Brian.Katoozi@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendant, VENTURE DYNAMICS ENTERPRISES, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**04/28/2022** at 11:50:00 AM
Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| NOE PONCE CEJA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>VENTURE DYNAMICS ENTERPRISES, INC., and DOES 1 to 100,<br><br>    Defendants. | Case No. 37-2022-00004908-CU-OE-CTL<br><br>**ANSWER OF DEFENDANT VENTURE DYNAMICS ENTERPRISES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Action Filed:   03/23/2022<br>Trial Date:      None Set |

Defendant VENTURE DYNAMICS ENTERPRISES, INC. ("Defendant") hereby submits its Answer to plaintiff NOE PONCE CEJA's ("Plaintiff") First Amended Complaint as follows:

## **GENERAL DENIAL**

1. Under the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies, generally and specifically, each, every and all material allegations of the First Amended Complaint, and the whole thereof. Defendant denies, generally and specifically, that Plaintiff has or will have sustained damages in the sums alleged, or in any other sum, or at all.

2. Further answering Plaintiff's First Amended Complaint, and the whole thereof, Defendant denies, generally and specifically, that Plaintiff has sustained any injury, damage or

4893-3852-7261.1
ANSWER OF DEFENDANT VENTURE DYNAMICS ENTERPRISES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

loss, if any, by reasons of any act or omission or negligence on the part of the answering Defendant or, any of its past or present agents, representatives or, employees acting in the course and scope of their employment.

3. Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses stated herein are based on Defendant's knowledge, information, and belief at this time and of the filing or submission date of this Answer. Defendant specifically reserves the right to modify, amend or, supplement any defense(s) contained herein at any time. Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant asserts the following separate affirmative defenses to Plaintiff's First Amended Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. Defendant alleges that the First Amended Complaint, and each of its purported causes of action asserted therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Defendant alleges that, to the extent Plaintiff failed to timely file their lawsuit, and each of the causes of action asserted therein, in that the events complained of took place more than one (1) year, (3) years or, four (4) years prior to the filing of Plaintiff's First Amended Complaint, and thus Plaintiff's statutory and non-statutory claims are barred, in whole or in part, by California *Code of Civil Procedure* Sections 338 and 340, California *Business and Professions Code* Sections 17200, *et seq.*, *Labor Code* sections 2698 and 2699, and/or any other applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

3. Plaintiff's causes of action are barred to the extent Plaintiff has failed to satisfy the

statutory prerequisites to sue and to exhaust administrative remedies under the Fair Employment and Housing Act ("FEHA"), California Government Code § 12940 et seq., the Equal Employment Opportunity Commission ("EEOC"), 42 U.S.C. § 2000 (e) et. seq. (Title VII of the Civil Rights Act of 1964 ("Title VII")), the California Labor Code (including the Private Attorney General's Act, California *Labor Code* §§ 2698 and 2699) and/or any other applicable administrative remedy.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.  Defendant alleges that, if Plaintiff suffered any damages as a result of the facts alleged in the First Amended Complaint, which Defendant denies, Plaintiff is not entitled to recover the amount of damages alleged or, any damages due to Plaintiff's failure to make reasonable efforts to mitigate or minimize the alleged damages incurred.

## FIFTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

5.  Defendant alleges that Defendant and its agents acted reasonably and in good faith at all material times herein based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is barred from any recovery in this action.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.  Defendant alleges that Plaintiff is estopped by their own conduct from asserting each of their causes of action they may have had or has against Defendant arising from the facts alleged in the First Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7.  Defendant alleges that Plaintiff is barred from maintaining the First Amended Complaint, and each of the purported causes of action asserted therein, as a result of their unclean hands with respect to the events upon which the First Amended Complaint and the purported causes of action allegedly are based.



4893-3852-7261.1

3

ANSWER OF DEFENDANT VENTURE DYNAMICS ENTERPRISES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8. Defendant alleges that Plaintiff's delay in filing the instant lawsuit was inexcusable and unduly prejudiced Defendant. As such, Plaintiff's First Amended Complaint and the causes of action asserted therein are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Own Acts)

9. Defendant alleges Plaintiff's and the putative class and PAGA members' damages, if any, were caused by Plaintiff's own intentional or negligent acts, thus barring or limiting Plaintiff's right of recovery.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

10. Defendant is informed and believes and thereon alleges that Plaintiff has waived any and all claims that they may have had or have against Defendant arising from the transactions and occurrences set forth in the First Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver of Rest Periods)

11. Defendant alleges Plaintiff's claims, and those of the putative class and PAGA members, are barred, in whole or in part, because Plaintiff and the putative class and PAGA members waived their right to some or all of the rest periods implicated in the First Amended Complaint by voluntarily choosing not to take part in all the duty-free rest periods that were authorized and permitted by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Defendant's Good Faith Belief)

12. Defendant is informed and believes and thereon alleges the First Amended Complaint, and each and every cause of action set forth therein alleged against Defendant, is barred, in whole or in part, because actions taken with respect to Plaintiff's and the putative class and PAGA members' employment, if any, were based on an honest, reasonable, and good faith

belief in the facts as known and understood at the time.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Payment and Release)**

13. Defendant is informed and believes and thereon alleges that Plaintiff was paid all sums earned by them and that are due and owing to them by virtue of their performance of work as alleged in the First Amended Complaint, and therefore, Defendant is released from any obligations to Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(*De Minimis* Time Doctrine)**

14. Defendant alleges that if, in fact, it has failed to pay Plaintiff or any putative class or PAGA member for all time worked, which Defendant denies, such time is *de minimis*, and therefore, not compensable.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Provided All Meal Periods)**

15. Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff and the putative class and PAGA members have waived meal periods to which Plaintiff and the putative class or PAGA members were entitled.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Satisfaction of Claim)**

16. Defendant alleges that Plaintiff is entirely, or alternatively, partially, barred from recovery in this action to the extent that they has received any consideration from any other person or entity currently unknown to the parties in satisfaction of any purported claim against Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Accord and Satisfaction)**

17. Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred pursuant to an accord and satisfaction. Plaintiff's acceptance of their paychecks constituted an accord and satisfaction for all debts, including any purported unpaid wages, unpaid overtime, or entitlement to premium pay in regard to missed or late meal and rest breaks, if any, owed by

Defendant to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Others, Including Plaintiff)

18. Defendant alleges that the damages stated in the First Amended Complaint, if any, were caused by the Plaintiff's own intentional or negligent acts and/or the conduct of other persons or entities, not Defendant. Therefore, Plaintiff's right of recovery is barred or limited.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unintentional Conduct)

19. Defendant alleges Plaintiff's claims for civil penalties pursuant to Section 226 of the California *Labor Code* is barred, in whole or in part, because it did not knowingly or intentionally fail to provide Plaintiff with accurate, itemized wage statements.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Plead with Certainty and Particularity)

20. The allegations of the First Amended Complaint, and each purported cause of action contained therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous and unintelligible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Immunity)

21. Any and all conduct of which Plaintiff and the putative class and PAGA members complain and which is attributed to Defendant or its agents or employees was a just and proper exercise of management's discretion on the part of Defendant, its agents or employees, and was undertaken for a fair and honest reason and regulated by good faith and probable cause under the circumstances existing at all times mentioned in the First Amended Complaint and Defendant is therefore immune from any liability.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Ratification)

22. Defendant is informed and believes and thereon alleges Plaintiff and the putative class and PAGA members, and/or any agents of Plaintiff and the putative class and PAGA

members, at all times, ratified the acts, purported omissions, representations, and/or other conduct of Defendant as alleged in the First Amended Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Discretionary Acts)

23. Defendant is informed and believes and thereon alleges any and all conduct of which Plaintiff and the putative class and PAGA members complain, and which is attributed to Defendant or its agents or employees, was a just and proper exercise of management's discretion on the part of Defendant and its agents or employees, and was undertaken for a fair and honest reason and regulated by good faith under the circumstances existing at all times mentioned in the First Amended Complaint.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Actual Injury)

24. Defendant alleges that Plaintiff did not suffer an actual injury and therefore cannot recover damages or statutory penalties under California *Labor Code* Section 226 and Business and Professions Code Section 17200, *et seq.*.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Plaintiff Did Not Sustain Any Damages)

25. Defendant is informed and believes and thereon alleges that Plaintiff's claim for prejudgment interest pursuant to *Civil Code* § 3288 is barred because Plaintiff sustained no damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

26. Plaintiff and the putative class and PAGA members are precluded from recovering the damages alleged in the First Amended Complaint because those damages are too vague, uncertain, and speculative to permit recovery.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Individual Claims)

27. Defendant alleges that this action, and each of the purported causes of action



4893-3852-7261.1

7

ANSWER OF DEFENDANT VENTURE DYNAMICS ENTERPRISES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

alleged therein, is not appropriate for class certification because of the individualized nature of Plaintiff's claims.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Manageability)

28. Defendant alleges that no trial plan exists whereby Plaintiff's claims could be managed and decided upon as class claims at the time of trial.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Inadequate Class Representative)

29. Defendant alleges that Plaintiff's class action claims are barred, in whole or in part, because Plaintiff is an inadequate class representative to the claims asserted.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Uncertifiable Putative Class)

30. Defendant is informed and believes and based thereon alleges that Plaintiff's claims are barred because Defendant has not engaged in actions of the kind alleged that are generally applicable to Plaintiff's proposed class, and as such, this action is not properly maintainable and/or does not qualify for certification under the requirements for a class action.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Common Questions of Law and Fact)

31. Defendant is informed and believes and based thereon alleges that questions of law and fact common to the Plaintiff do not predominate over the questions affecting individual members of the proposed class. Therefore, this action, and each of the purported causes of action alleged therein, is not appropriate for certification as a class action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Typicality)

32. Defendant alleges that Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because Plaintiff cannot establish that their claims are typical of those of the class, and therefore, the First Amended Complaint, and each of the purported causes of action alleged therein, cannot proceed as a class action.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Numerosity)

33. Defendant alleges that Plaintiff's claims, and those of the purported class, are barred, in whole or in part, because Plaintiff cannot establish that members of the putative class are so numerous that joinder is impracticable.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Community of Interest)

34. Defendant alleges that the class allegations in Plaintiff's First Amended Complaint are improper as a matter of law because there is no community of interest in the claims asserted by Plaintiff and those of the purported putative class.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Actions Adverse to Class Members)

35. Defendant is informed and believes that Plaintiff's claims are barred and/or reduced by virtue of Plaintiff and their attorneys having taken actions adverse and inimical to the interests of the purported class members, and for their own benefit, and by purporting to act when the Plaintiff has and had an irreconcilable conflict of interest with the purported class members, rendering any judgment, award or settlement void or voidable.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Standing to Assert Unfair Business Practices)

36. Without admitting the allegations of the First Amended Complaint, Defendant alleges that Plaintiff lacks standing to assert their claim for Violation of Business & Professions Code Section 17200 *et seq.* Accordingly, this claim is barred to the extent that Plaintiff lacks standing to assert such claim.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Fulfill Obligations)

37. Plaintiff's First Amended Complaint is barred in its entirety by the fact Plaintiff has not satisfied general statutory obligations imposed on employees under Labor Code sections 2850-2866 to, e.g., use ordinary care and diligence in following employer's directives.



### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Employer Engaged in Interstate Commerce)

38. Defendant alleges that Defendant, Plaintiff, and the purported class members are engaged in interstate commerce. As a consequence, Plaintiff's claims are without merit.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (FLSA Preemption)

39. Defendant alleges that Plaintiff's claims are preempted by the Fair Labor Standards Act of 1939, 29 U.S.C. §§ 201 *et seq*.

### FORTIETH AFFIRMATIVE DEFENSE

#### (Attorneys' Fees)

40. Defendant alleges that the Complaint, and each of the purported causes of action alleged therein, fails to allege facts sufficient to establish a claim for attorneys' fees.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Labor Code section 1194)

41. Plaintiff's claims, and those of the putative class and PAGA members, for civil penalties under Labor Code section 1194 are barred because Defendant paid Plaintiff and the putative class and PAGA members the required minimum wage and/or did not knowingly or intentionally fail to pay Plaintiff and the putative class and PAGA members the required minimum wage.

### FORTY-SECOND AFFIRMATIVE DEFENSE

#### (Penalties)

42. Defendant alleges that the First Amended Complaint, and each of the purported causes of action alleged therein, fails to allege facts sufficient to establish a claim for penalties.

### FORTY-THIRD AFFIRMATIVE DEFENSE

#### (No Malice, Fraud, Oppression)

43. Defendant is informed and believes and thereon alleges its actions were not willful, malicious, fraudulent, oppressive, intentional, or tortious and Plaintiff's claims are not authorized pursuant to Civil Code section 3294.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Labor Code section 226)**

44. Defendant alleges Plaintiff's claims, and those of the putative class and PAGA members, are limited or subject to an absolute bar because Defendant complied with Labor Code section 226.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Equitable or Injunctive Relief)**

45. Defendant alleges Plaintiff and the putative class and PAGA members are not entitled to any equitable or injunctive relief as prayed for in the First Amended Complaint because they have an adequate remedy at law.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Waiting Time Penalties)**

46. Defendant alleges Plaintiff's claims and those of the putative class and PAGA members for "waiting time penalties" under Labor Code section 203 are barred because Defendant did not intentionally or willfully withhold payment of wages.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

47. To the extent that Plaintiff was inadvertently overpaid for any hours worked or has received compensation, benefits or awards for time not worked, the value of such compensation, benefits, or awards should be offset, in whole or in part, against Plaintiff's claims.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

**(No Wages Owed)**

48. Defendant alleges Plaintiff's claims, and those of the putative class and PAGA members, for unpaid regular or overtime wages are barred because Defendant timely paid all wages owed to Plaintiff and the putative class and PAGA members.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

**(Meal Period Law)**

49. Defendant alleges, under the applicable Wage Order, Defendant "authorized and



4893-3852-7261.1

11

ANSWER OF DEFENDANT VENTURE DYNAMICS ENTERPRISES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

permitted" Plaintiff and the putative class and PAGA members to take meal periods. Further, Defendant maintained compliant meal period policies applicable to Plaintiff and the putative class and PAGA members at all relevant times.

### FIFTIETH AFFIRMATIVE DEFENSE

### (Rest Period Law)

50. Defendant alleges, under the applicable Wage Order, Defendant "authorized and permitted" Plaintiff and the putative class and PAGA members to take rest periods.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Indemnification)

51. Defendant alleges that all of the acts and/or omissions alleged in the First Amended Complaint were solely, entirely and fully those of other defendants and/or parties names or unnamed herein other than Defendant, and therefore, such parties are fully and solely liable to Plaintiff. Accordingly, Defendant is entitled to total or complete indemnification from such parties, including, but not limited to, any and all damages, costs and attorneys' fees that may be sustained as a result of Plaintiff's claims.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Frivolous Claims)

52. Defendant alleges that Plaintiff's First Amended Complaint, and each purported cause of action therein, were not brought in good faith and are frivolous. Therefore, the relief requested is precluded, and Defendant is entitled to recover its reasonable expenses, including attorneys' fees, incurred herein as a matter of law pursuant to this Court's inherent authority and California *Code of Civil Procedure* s Section 128.7.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

### (Exempt)

53. Defendant alleges Plaintiff's claims, and those of the putative class and PAGA members, are barred, in whole or in part, because Plaintiff and the putative class and PAGA members were exempt from applicable California law providing for the payment of meal break, rest break and/or overtime wages and premiums as alleged in the First Amended Complaint.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Not Suffered or Permitted to Work)

54. Defendant alleges Plaintiff and the putative class and PAGA members were not suffered or permitted to work during any time for which they were not paid the appropriate wage rate, including the proper minimum wage and overtime rates.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### (Not Hours Worked)

55. Defendant alleges some or all of the hours for which Plaintiff and the putative class and PAGA members claim compensation are not considered hours worked under California state law.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (No Knowledge of Off the Clock Work)

56. Defendant alleges, to the extent Plaintiff and the putative class and PAGA members, claim they were working off the clock, Defendant had no knowledge Plaintiff and the putative class and PAGA members were engaging in any off the clock work.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (Secreted & Absented)

57. Plaintiff's claims, and those of the putative class and PAGA members, are barred because Plaintiff and the putative class and PAGA members secreted and absented themselves to avoid payment of wages when Defendant fully tendered the wages due.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

58. As a separate and distinct affirmative defense, Defendant alleges there exists a bona fide dispute as to whether any additional compensation is actually due to Plaintiff or to any putative class member and, if so, the amount thereof.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

### (PAGA - Unconstitutionality)

59. Plaintiff's demand for penalties pursuant to California Labor Code Private



Attorneys General Act of 2004, *Labor Code* Section 2698, et seq., are barred because they would violate Defendant's constitutional rights under the Due Process clauses under the United States and California Constitutions and the imposition of such penalties would be unjust, arbitrary, oppressive or confiscary.

## SIXTIETH AFFIRMATIVE DEFENSE
### (Unmanageable PAGA Claims)

60. Defendant alleges that Plaintiff's PAGA claims, and those of the putative PAGA class members, are barred in whole or in part, because Plaintiff cannot establish a manageable PAGA trial.

## SIXTY-FIRST AFFIRMATIVE DEFENSE
### (Deficient PAGA Notice)

61. Defendant alleges that Plaintiff's PAGA Notice failed to allege the necessary facts and identify the required Labor Code sections to support those plead in the First Amended Complaint.

## RESERVATION OF RIGHTS

Defendant is informed and believes and thereon alleges that it may have other separate and/or additional defenses of which it is not aware, and hereby reserves the right to assert them by amendment to this Answer as discovery continues.

## PRAYER FOR RELIEF

WHEREFORE, the answering Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of the First Amended Complaint or, any of its purported claims for relief, on file herein;
2. That said First Amended Complaint be dismissed with prejudice in its entirety;
3. That judgment be entered in favor of Defendant and against Plaintiff;
4. That Defendant be awarded its reasonable attorneys' fees as appropriate and costs of suit herein to the extent permitted by law; and
5. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED:  April 14, 2022            BRIAN KATOOZI
                                  LEWIS BRISBOIS BISGAARD & SMITH LLP

                                  By: _____
                                  BRIAN KATOOZI
                                  JULIE W. O'DELL
                                  Attorneys for Defendant VENTURE DYNAMICS ENTERPRISES, INC.

**CALIFORNIA STATE COURT PROOF OF SERVICE**
Ponce v. Venture Capitals Enterprises Inc.
Case No. 37-2022-00004908-CU-OE-CTL

STATE OF CALIFORNIA, COUNTY OF ORANGE

At the time of service, I was over 18 years of age and not a party to this action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626.

On April 28, 2022, I served true copies of the following document(s): ANSWER OF DEFENDANT VENTURE DYNAMICS ENTERPRISES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

☐ Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address _____ to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 28, 2022, at Costa Mesa, California.

                /s/ Lisa Walker
                Lisa Walker



4893-3852-7261.1

16

ANSWER OF DEFENDANT VENTURE DYNAMICS ENTERPRISES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**SERVICE LIST**
**Ponce v. Venture Capitals Enterprises Inc.**
**Case No. 37-2022-00004908-CU-OE-CTL**

| | |
|---|---|
| Adam Rose<br>Adam@frontierlawcenter.com<br>FRONTIER LAW CENTER<br>23901 Calabasas Road., #2074<br>Calabasas, CA 91302<br>Tel: (818) 914-3433<br>Fax: (818) 914-3433 | Attorneys for Plaintiff |
| Janelle Carney<br>janelle@janellecarneylaw.com<br>JANELLE CARNEY – ATTORNEY AT LAW, APC<br>14758 Pipeline Ave., Suite E<br>Chino Hills, CA 91709-6025<br>Tel: (909) 393-0223<br>Fax: (909) 393-0471 | Attorneys for Plaintiff |