Adam Rose (210880)
adam@frontierlawcenter.com
**FRONTIER LAW CENTER**
23901 Calabasas Rd., #2074
Calabasas, CA 91302
Tel.: (818) 914-3433 / Fax (818) 914-3433

Janelle Carney (201570)
janelle@janellecarneylaw.com
**JANELLE CARNEY- ATTORNEY AT LAW, APC**
14758 Pipeline Ave., Suite E
Chino Hills, CA 91709-6025
Tel.: (909) 393-0223 / Fax: (909) 393-0471

Attorneys for Plaintiff
Noe Ponce Ceja

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE PONCE CEJA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>VENTURE DYNAMICS ENTERPRISES, INC., and DOES 1 to 100,<br><br>    Defendants. | Case No.: 3:22-cv-00918-L-AHG<br><br>CLASS ACTION<br><br>**SECOND AMENDED COMPLAINT**<br><br>**1. Violation of B&PC §17200, et seq.**<br><br>**2. Violation of Labor Code §§ 204, 510, 1194, and 1198**<br><br>**3**. **Inaccurate Wage Statements (LC §226)**<br><br>**4. Failure to Provide Meal Periods**<br><br>**5. Failure to Provide Rest Periods**<br><br>**6. Work Expenditure Reimbursements**<br><br>**7. Waiting Time Penalties**<br><br>**8. Penalties Under PAGA Labor Code §2698, et seq.** |

## GENERAL ALLEGATIONS

## JURISDICTION

1.     This is an action for unpaid wages, meal and rest break violations, and wage statement violations. Plaintiff seeks all available relief, including full restitution of all compensation retained by Defendant as a result of their unlawful, unfair business practices.

## VENUE

2.     Venue is proper in San Diego County pursuant to Code of Civil Procedure section 395.5 since Plaintiff's work for Defendants occurred at their facility in Otay Mesa.

## PARTIES

3.     Noe Ponce Ceja ("Ponce") is a resident of San Diego County.

4.     Venture Dynamics Enterprises, Inc. is a Virginia corporation that is qualified to do business in California.

5.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of Defendants sued herein as Does 1 to 100, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will amend this Complaint when such true names and capacities are discovered.

6.     Plaintiff is informed and believes and thereon allege that the Defendants and each fictitious Defendant, whether individual, partners, or corporate, was responsible in some manner for the circumstances alleged herein, and proximately caused Plaintiffs and all others similarly situated hereinafter alleged and the general public to be subjected to the unlawful employment practices, wrongs, injuries and damages complained of herein.

7.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendant; and furthermore, Defendants were the agents, servants, and employees

1

SECOND AMENDED COMPLAINT

of each and every one of the other Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

8.    Defendants were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise.

9.    Defendants approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of the other Defendants, thereby proximately causing the damages, as herein alleged.

10.    Defendants are temporary services employers under Labor Code section 201.3.

11.    For Ponce, Defendants assigned him to work at shipyards in San Diego.

12.    Ponce and the class members had to go through entrance and exit security checkpoints, but they were not paid for this time.

13.    Further, Ponce and the class members did not receive meal or rest breaks.

14.    Defendants deducted work expenses from Ponce's and the class members' wages, but they were not reimbursed. Also, Ponce and the class members had to pay to receive a check in lieu of direct deposit (for wages) but were not reimbursed for this cost.

15.    The wage statements were inaccurate since they did not list each temporary services assignment as required by Labor Code section 226(a)(9), and the wage statements did not list all the hours worked.

16.    On January 17, 2022 Plaintiff sent a PAGA letter by certified mail to Defendant and uploaded the letter to the PAGA website. Plaintiff can request PAGA penalties 65 days after the PAGA letter was sent.

SECOND AMENDED COMPLAINT

17.     The California Superior Court also has jurisdiction in this matter because during his employment with Defendant, Plaintiff herein was a California citizen and Defendant has owned and operated its business within California. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law. Individual claims of the members of the Classes including plaintiff's pro rata share of attorneys' fees and all other requested relief herein are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claim including attorneys' fees and costs, and all other requested relief are under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005 exclusive of PAGA. The issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Order(s), CCP, California Civil Code ("CC") and B&PC.

## UNFAIR COMPETITION ALLEGATIONS
### (BUSINESS & PROFESSIONS CODE § 17200)

18.     Plaintiff on behalf himself and all similarly situated employees as well as aggrieved employees, filed this cause of action acting as a private attorney general on behalf of the general public to challenge and remedy the business practices of Defendant alleged herein.

19.     B&PC §17200, et seq., often referred to as the Unfair Competition Law, prohibits unfair competition, which is defined to include any unlawful, unfair, or fraudulent business act or practices.  Defendant has instituted and implemented unlawful wage-and-hour policies, which constitute unfair, unlawful, or fraudulent business acts or practices within the State of California.  Any person that has suffered injury may initiate an action to enforce B&PC §17200.  The Court is authorized to order injunctive relief, declaratory relief, and restitution to affected members of the general public as remedies for any violations of B&PC §17200.

3

SECOND AMENDED COMPLAINT

20.    Plaintiff is entitled to an award of attorneys' fees and costs in prosecuting this action as a private attorney general against Defendant under <u>CCP §1021.5</u> based in part on the following:

a.    A successful outcome in this action will result in the enforcement of important rights affecting the public interest by maintaining the integrity of entities that employ employees;

b.    This action will result in a significant benefit to the general public by ceasing unlawful, unfair and deceptive activity, and by causing the return of ill-gotten gains obtained by Defendant through its failure to properly pay its employees;

c.    Unless this action is prosecuted, members of the general public will not recover monies wrongfully taken from them, and many employees would not be aware that they were victimized by Defendant's wrongful acts and practices; and unless attorneys' fees and costs are awarded against Defendant, the general public will not be made whole.

## PLAINTIFF CLASSES

21.    Ponce worked in the position of non-exempt hourly employee or other similar title while employed by Defendants within the State of California. At all times mentioned herein, Ponce and the entirety of the class identified herein are current and former California resident employees of Defendant who worked for Defendants' temporary services assignments in California

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action on behalf of himself and all others similarly situated California hourly employees as a class action pursuant to CCP §382.  The classes which Plaintiff seeks to represent are composed of and defined as follows:

**Class 1:**

All hourly non-exempt California employees of worked at Defendants' for

4

SECOND AMENDED COMPLAINT

more than eight (8) hours in a day or more than forty (40) hours in a week from four years from the date of filing through the date of certification who did not receive wages and/or premium pay for missed rest and meal breaks at the correct regular rate of pay. (Regular Rate Class)

**Class 2:**

All hourly non-exempt California employees who worked for Defendants at some point from three years from the date of filing of this action through the date of certification who are no longer employed with Defendant. (Waiting Time Penalty Class)

**Class 3:**

All non-exempt hourly California employees who worked for Defendants from four years from the date of filing through certification who were not provided a 30-minute uninterrupted meal period within the first five hours of their shift. (Meal Break Class)

**Subclass 1:**

All non-exempt hourly California employees who worked for Defendants from four years from the date of filing through certification who were not provided a second 30-minute uninterrupted meal period on shifts in excess of 10 hours. (Second Meal Break Subclass)

**Class 4:**

All non-exempt hourly California employees who worked for Defendants from one year from the date of filing of this action through certification who were provided a paystub (wage statement) from Defendants. (Pay Stub Class)

**Class 5:**

All current and former hourly non-exempt California employees who work or worked for Defendants at any time from four years from the date of filing through preliminary approval or judgment who were not authorized or permitted to take a duty-free rest period of at least ten (10) consecutive minutes for each four

SECOND AMENDED COMPLAINT

(4) hours or major fraction thereof pursuant to California law. (Rest Period Class)

**Subclass 2:**

All current and former hourly non-exempt California employees who work or worked for Defendants at any time from four years from the date of filing through certification who were required to remain on-premises for their rest breaks. (On-Premises Rest Period Subclass).

**Class 6:**

All current and former hourly non-exempt California employees who work or worked for Defendants at any time from four years from the date of filing through certification who were required to go through security checkpoints while off the clock. (Security Checkpoint Class).

**Class 7:**

All hourly non-exempt California employees of Defendants' that have worked for more than eight (8) hours in a day or more than forty (40) hours in a week from four years from the date of filing through the date of certification who were not paid all wages owed to them. (Unpaid Wages Class).

The members of the classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes is unknown to Plaintiff at this time; however, it is estimated that the classes number greater than 200 individuals. The identity of such membership is readily ascertainable via inspection of employment records.

23.    There are common questions of law and fact as to Plaintiff and all others similarly situated which predominate over questions affecting only individual members including, without limitation to:

i.    Whether Defendant improperly calculated the regular rate of pay for payment of premium pay and overtime;

ii.    Whether Defendant violated the applicable Labor Code provisions including §§ 510, 1194, and 203 by requiring

SECOND AMENDED COMPLAINT

substantial overtime work and not paying for said work according to the overtime laws of the State of California, without statutory exemptions;

iii.  Whether Defendant failed to pay overtime premium or meal and rest period premiums to the class based on the correct regular rate of pay;

iv.  Whether Defendant improperly retained, appropriated or deprived Plaintiff of the use of monies or sums to which Plaintiff was legally entitled;

v.  Whether Defendant engaged in unfair business practices;

vi.  Whether Defendant, and each of them, was/were participants in the alleged unlawful conduct;

vii.  Whether Defendant's conduct was willful or reckless;

viii.  The effect upon and the extent of injuries suffered by Plaintiff and all others similarly situated and the appropriate amount of compensation;

ix.  The appropriate amount of monetary penalties allowed by Labor Code §201, et. seq.;

x.  Whether Defendant discouraged, dissuaded, or impeded non-exempt employees from receiving legally compliant meal periods;

xi.  Whether Defendant violated Labor Code §226 and by failing to accurately report total hours worked at all applicable hourly rates by Plaintiff and the members of the class;

xii.  Whether Defendant knowingly and intentionally failed to maintain records for Plaintiff and members of the class as required by Labor Code § 1174 and IWC Order, 9-2001;

xiii.  Whether Defendant is subject to civil penalties pursuant to

7

SECOND AMENDED COMPLAINT

Labor Code §§2699, et seq.; and

xiv.    Whether Defendant is subject to civil penalties pursuant to Labor Code §§2699, et seq.

24.    Plaintiff's claims are typical of the claims of all members of the classes and subclasses mentioned herein.  Plaintiff, as a representative party, will fairly and adequately protect the interest of the classes by vigorously pursuing this suit through his attorneys who are skilled and experienced in handling matters of this type.  Plaintiff has no claim or interest that is antagonistic to any class member.

25.    The nature of this action and the nature of laws available to the members of the classes and subclasses identified herein make use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff for the wrongs alleged herein.  Further, this claim involves large corporate employers and many individual employees with many relatively small claims with common issues of law and fact.  If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Plaintiff with its vastly superior financial and legal resources.  Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their careers at present and/or subsequent employment.  Proof of a common business practice or factual pattern, of which the named Plaintiff experienced, is representative of the class mentioned herein and will establish the right of each of the members of the named class to recovery on the causes of action alleged herein.

26.    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts

8

or adjudications with respect to the individual class members against Defendants; and which would establish potentially incompatible standards of conduct for Defendants; and/or (b) legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

### FIRST CAUSE OF ACTION

**Violation of Business & Professions Code §17200, et seq.**

**Against All Defendants**

27.    Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

28.    Beginning on an exact date unknown to Plaintiff but believed to have occurred at least four (4) years preceding the filing of this action, Defendant has engaged in a pattern and practice of acts of unfair competition in violation of B&PC §17200.

29.    Defendants have engaged in the practice of paying their employees, including all hourly employees in a fashion that circumvents California wage laws.

### FAILURE TO PAY PROPER WAGES, PREMIUM PAY AND OVERTIME COMPENSATION BASED ON THE CORRECT REGULAR RATE OF PAY

30.    Plaintiff is informed and believe and thereon allege that as part of Defendant's ongoing unfair business practices, Defendant's non-exempt hourly employees were and are employed and scheduled as a matter of established company policy to work, and in fact, worked shifts in excess of eight (8) hours a day, including but not limited to shifts lasting ten (10) hours and twelve (12) hours.

31.     Defendant's policy is to pay straight time for all hours worked in excess of eight (8) hours per day, both straight time (first eight (8) hours) and overtime (last four (4) hours) pay is paid at the base hourly rate which is lower than required by law due to Defendant's failure to pay daily overtime hours at time-and-a-half of the employees' correct regular rate of pay.  The mathematical result of this practice is that employees are underpaid their earned statutory overtime premium wages.  Defendant's mathematical scheme is in violation of the Labor Code.  Defendant's employees are not paid proper overtime compensation at the correct rate. The "regular rate" means "the hourly rate actually paid for the normal, non-overtime workweek."  (See *Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424 (1945) ("[T]he regular rate refers to the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed.") (emphasis added); *United States v. Rosenwasser,* 323 U.S. 360, 364 (1945) (defining the "regular rate" is defined as "the hourly rate actually paid for the normal, non-overtime workweek.") (quotation omitted) (emphasis added); *Huntington Memorial Hosp. v. Superior Court,* (2005) 131 Cal.App.4th 893, 905 (regular rate is the hourly rate paid for a non-overtime workweek); *Brunozzi v. Cable Communications, Inc.,* 851 F.3d 990, 996 (9th Cir. 2017) (To determine the regular rate, "we must first determine what the parties agreed [the employee] is to be paid in a normal, non-overtime workweek.") (emphasis added).)  "Wage divided by hours equals regular rate."  (*Bay Ridge*, 334 U.S. at 461 (quotation omitted).)  The employer may not "compute the regular rate in a wholly unrealistic and artificial manner so as to negate the statutory purposes."  (*Walling*, 325 U.S. at 424.)  The regular rate "must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments." (*Id*.)  The regular rate "is not an arbitrary label chosen by the parties; it is an actual fact. Once the parties have decided upon the amount of wages and the mode of payment the determination of the regular rate becomes a matter of mathematical

computation ...." (*Id*. at 244-45.)  "The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  (29 C.F.R. § 778.109.)

32.    Plaintiff believes and thereon alleges that Defendant fails to include all remuneration into the calculation of the regular rate for overtime, meal and rest period premium payments, including but not limited to, differentials, bonuses, and other pay.

## VIOLATION OF MEAL PERIOD PROVISIONS

33.    Defendant's improper meal policies are in violation of California law including, but not limited to Labor Code § 226.7, 512, and IWC Wage Order 9-2001.  Plaintiff and all others similarly situated these classes are entitled to wages at their regular rate of pay for each violation where Defendants violated the meal break provisions and failed to provide a compliant meal period due to an invalid waiver and no exemption.  Plaintiff and the class are entitled to 1 hour of pay for each meal break violation at the correct regular rate of pay.

## FAILURE TO PERMIT AND AUTHORIZE REST PERIOD BREAKS

34.    Plaintiff and other members of the Rest Period Class are entitled to the benefits of Labor Code § 226.7 and Order 9-2001 of the Industrial Welfare Commission.  Pursuant to Labor Code § 226.7 and Wage Order 9-2001, Plaintiff and the other members of the Rest Period Class were entitled to separate rest periods of at least 10 minutes for each four-hour period of work or major fraction thereof, and one hour of additional pay for every shift a rest period was not provided in conformance with this obligation.

35.    Plaintiff is informed and believes, and thereon allege that Defendants consistently compelled Plaintiff and other members of the Rest Period Class employed for shifts of more than four (4) hours, to take only one (1) rest break during their shifts, instead of two (2) or three (3) rest breaks required depending on

SECOND AMENDED COMPLAINT

shift length.  Further, Plaintiff alleges Defendant failed to provide duty-free rest periods and off-site rest periods to Plaintiff and the class.

36.    Plaintiff, and all persons similarly situated, and all persons in interest, are entitled to and do seek such relief as may be necessary to restore to them the money and property which Defendant has acquired, or of which Plaintiff and class members have been deprived by means of the herein described unfair, unlawful, and/or fraudulent business practices.

37.    Plaintiff, and all persons similarly situated, and all persons in interest, are further entitled to and do seek a declaration that the above-described business practices are unfair, unlawful, and/or fraudulent, and injunctive relief restraining Defendant from engaging in any of the herein described unfair, unlawful, and/or fraudulent business practices at all times in the future.

38.    Plaintiff seeks restitution for said violations.

**FAILURE TO PAY FOR ALL TIME WORKED (OFF THE CLOCK)**

39.    Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, Defendant engaged in unlawful, unfair, and fraudulent business practices prohibited by California B&PC §17200, by failing to pay for time worked off the clock.  Defendant suffered or permitted Plaintiff to work off the clock.

40.    Further, Plaintiff is informed and believes and thereon alleges, that Plaintiff and the Class were required to perform work off-the-clock.  Despite recording time on the clock, Defendant failed to pay Plaintiff and the Class for all time worked, including but not limited to straight time, overtime and standby time.

41.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants have engaged in unlawful, deceptive, and unfair business practices prohibited by California B&PC §17200, thereby depriving their employees and the putative class the minimum working condition, standards and conditions due to them under the California Labor Laws and Industrial Welfare Commission wage orders as specifically described herein.  Plaintiff further seeks

SECOND AMENDED COMPLAINT

an order requiring Defendant to identify by full name, telephone number, and last known address employees who worked or still work for Defendant from four (4) years preceding the filing of the original Complaint through the date of judgment; Plaintiff further seeks an order requiring Defendant to timely pay restitution to all current and former employees, including back wages, and interest.

42.    Plaintiff requests attorney's fees and costs pursuant to Code of Civil Procedure §1021.5 since this action is brought to vindicate important rights of a large class and the public.

## SECOND CAUSE OF ACTION
### RECOVERY OF UNPAID WAGES & PENALTIES
### (Violation of Labor Code §§ 204, 510, 1194 and 1198)
### Against All Defendants

43.    Plaintiff re-alleges and incorporate by reference herein the allegations of all preceding paragraphs as though fully set forth herein.

44.    Plaintiff and all others similarly situated identified herein were and are employed and scheduled as a matter of established company policy to work and in fact worked as non-exempt hourly employees in excess of eight (8) hours per day and/or in excess of forty (40) hours per pay period, including shifts that last ten (10) hours or twelve (12) hours without daily overtime paid for the hours worked in excess of eight (8) in a day at the correct regular rate.  Labor Code § 204 establishes the fundamental right of all employees in the state of California to be paid the proper amount of wages in a timely fashion for their work, including overtime.

45.    Pursuant to Labor Code §§ 218 and 1194(a), Plaintiff may bring a civil action for overtime wages directly against the employer without first filing a claim with the Division of Labor Standards Enforcement (hereinafter "DLSE") and may recover such wages, together with interest thereon, penalties, attorneys' fees and costs.

SECOND AMENDED COMPLAINT

46.    At all times relevant hereto, Defendant has failed to pay to Plaintiff and all persons similarly situated wages when due as required by Labor Code § 204.

47.    Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the IWC or under conditions prohibited by the applicable IWC Wage Orders.  IWC Wage Order No. 9, as amended, applies to Plaintiff.

48.    At all times relevant hereto, Plaintiff is informed and believes and thereon alleges that Defendant has treated Plaintiff and all other similarly situated hourly employees as hourly non-exempt employees.  Despite this classification, Defendants have willfully and wrongfully underpaid overtime premiums at the regular rate in order to avoid payment of overtime wages and other benefits in violation of the Labor Code and the orders issued by the IWC, thereby Defendant is able to reduce its overhead and operating expenses and gain an unfair advantage over competing companies complying with state law.

49.    Plaintiff is informed and believes and thereon alleges that the hourly non-exempt class was under paid premium overtime compensation at a lower rate of pay than the regular rate when Defendant paid overtime. The "regular rate" means "the hourly rate actually paid for the normal, non-overtime workweek."  (*Id.* (emphasis added); see also *Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419, 424 (1945) ("[T]he regular rate refers to the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed.") (emphasis added); *United States v. Rosenwasser*, 323 U.S. 360, 364 (1945) (defining the "regular rate" is defined as "the hourly rate actually paid for the normal, non-overtime workweek.") (quotation omitted) (emphasis added); *Huntington Memorial Hosp. v. Superior Court,* (2005) 131 Cal.App.4th 893, 905 (regular rate is the hourly rate paid for a non-overtime workweek); *Brunozzi v. Cable Communications, Inc.,* 851 F.3d 990, 996 (9th Cir. 2017) (To determine the

SECOND AMENDED COMPLAINT

regular rate, "we must first determine what the parties agreed [the employee] is to be paid in a normal, non-overtime workweek.") (emphasis added).)  "Wage divided by hours equals regular rate."  (*Bay Ridge*, 334 U.S. at 461 (quotation omitted).)  The employer may not "compute the regular rate in a wholly unrealistic and artificial manner so as to negate the statutory purposes."  (*Walling*, 325 U.S. at 424.)  The regular rate "must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments."  (*Id*.)  The regular rate "is not an arbitrary label chosen by the parties; it is an actual fact. Once the parties have decided upon the amount of wages and the mode of payment the determination of the regular rate becomes a matter of mathematical computation ...."  (*Id*. at 244-45.)  "The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid."  (29 C.F.R. § 778.109.)

50.    Plaintiff is informed and believes and thereon alleges that Defendant consistently administered a corporate policy regarding both staffing levels and duties and responsibilities of the members of the classes which required the entirety of all classes to work overtime without proper premium pay at the correct regular rate.  This included a uniform corporate policy and practice of allocating straight time only hourly rate for all hours worked in a day in excess of eight (8) hours and for carrying out a policy that fails to pay overtime premiums.  This corporate policy and pattern of conduct was/is accomplished with the advance knowledge and design of all Defendants herein.  Thus, Plaintiff and all others similarly situated routinely, regularly and customarily performed overtime work.  Accordingly, Plaintiff and all others similarly situated are entitled to overtime compensation under California law.

51.    Defendants have willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to premium pay at the correct rate,

SECOND AMENDED COMPLAINT

and other wages earned and remaining uncompensated according to amendment, or proof.

52.    Further, Ponce and the class members had to go through entrance and exit security checkpoints, but they were not paid for that time in violation of Labor Code 510 and 1194.

53.    The pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and all others similarly situated, in a civil action, for the unpaid balance of the full amount of the all wages owing, including the proper calculation of the regular rate, including interest thereon, willful penalties, reasonable attorneys' fees, and costs of suit according to the mandate of <u>Labor Code</u> § 1194, et. seq.

54.    Likewise, Defendant has a pattern, practice and uniform administration of corporate policy regarding failure to comply with the required provisions of <u>Labor Code</u> § 226.7, in failing to pay Plaintiff and the class the meal and rest break violation payment at the regular rate.

## <u>THIRD CAUSE OF ACTION</u>

## FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS PURSUANT TO LABOR CODE §226

### Against All Defendants

55.    Plaintiff re-alleges and incorporates by reference herein the allegations of all preceding paragraphs as though fully set forth herein. Labor Code section 226 provides:

> Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written

orders of the employee may be aggregated and shown as one item. Subsection (e) provides: "Any employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

56.     During the Class Period, Defendants knowingly and intentionally failed to provide the Class Members, including Plaintiff, with timely and accurate wage statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing that Class Member, the inclusive dates of the period for which the employee is paid, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate by that Class Member.

57.     Defendants thus required the Class Members, including Plaintiff, to work under conditions prohibited by order of the Industrial Welfare Commission, in violation of those orders.

58.     The Class Members, including Plaintiff, suffered injury as a result of Defendants' knowing and intentional failure to provide the Class Members, including Plaintiff, with the wage and hour statements required by law.

59.     Further, since Defendants are temporary services employers, they needed to list the earnings for each temporary service assignment as required by Labor Code section 226(a)(9). The wage statements did not contain this information, leading to wage statement penalties.

60.     Based on Defendants' conduct as alleged herein, Defendants are liable for actual damages, statutory damages and/or statutory penalties pursuant to Labor Code §226, attorney's fees and costs.

SECOND AMENDED COMPLAINT

# FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL BREAKS

### Against All Defendants

61.    Plaintiff incorporates by reference as if fully set forth herein, the allegations of paragraphs above.

62.    Labor Code §226.7(c) requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide.  Plaintiff alleges that Defendant failed to provide legally compliant meals in addition to impeding, discouraging and/or dissuading employees from taking legally compliant meal periods.  Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.  Plaintiff and the class consistently worked over five (5) hour shifts without meal periods due to Defendant's policy of discouraging, dissuading and/or impeding Plaintiff and the class from taking meal periods.   Plaintiff and the class are entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment, and a second meal period for hours worked over ten (10) in a day.

63.    Defendant failed to provide, impeded and/or discouraged Plaintiff and others from taking timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period and/or failed to obtain legal waivers waiving the first or second meal period.

64.    Further, even if meal premiums were paid, they were not paid at the correct regular rate.

65.    Pursuant to <u>Labor Code</u> §226.7, Plaintiff and the class are entitled to damages in an amount equal to one (1) hour of wages at the employee's regular rate per missed meal break.

/////

/////

/////

SECOND AMENDED COMPLAINT

## FIFTH CAUSE OF ACTION

### FAILURE TO ALLOW REST BREAKS PURSUANT TO LABOR CODE §226.7

### (Against All Defendants)

66.    Plaintiff re-alleges and incorporates by reference as if fully set forth herein, the aforementioned allegations.

67.    The Plaintiff alleges that Defendants have violated <u>Labor Code</u> §§226.7 & the applicable Wage Order. Section 226.7 of the <u>Labor Code</u> requires an employer to pay an additional hour (1) of compensation for each rest period the employer fails to provide.  Hourly non-exempt employees are entitled to a paid ten (10) minute rest break for every four (4) hours worked or major fraction thereof. The Defendant's policy discourages, dissuades, and prevents all hourly non-exempt employees from taking a duty-free rest period break for any work period that is greater than two (2) hours up to four (4) hours.  Plaintiff and the class consistently worked over four (4) hours per shift with no duty-free, off-premises rest breaks, due to Defendant's policy of discouraging, dissuading and/or preventing hourly employees from taking said breaks off-premises.

68.    Further, even if rest premiums were paid, they were not paid at the correct regular rate.

69.    Pursuant to Labor Code §226.7, Plaintiff and the class are entitled to damages in an amount equal to one (1) hour of wages at the hourly non-exempt regular rate of pay per rest break violation, in a sum to be proven at trial.

## SIXTH CAUSE OF ACTION

### WORK EXPENDITURE REIMBURSEMENTS

### (Against All Defendants)

70.    Plaintiff re-alleges and incorporate each and every one of the allegations of all preceding paragraphs.

71.    Labor Code section 2802(a) requires an employer to indemnify their

employees for all necessary expenditures or losses in the direct discharge of their duties.

72.    Defendants have a uniform policy that requires Ponce and the class members to pay for hard copies of paychecks in lieu of direct deposit but did not reimburse for that.

73.    Also, Defendants made actual deductions for work-related expenses that were never reimbursed.

74.    As a result, Ponce and the class members are entitled to reimbursement for all the above expenses, as well as attorney fees.

<u>SEVENTH CAUSE OF ACTION</u>

**WAITING TIME PENALTIES**

**(Against All Defendants)**

75.    Plaintiff re-alleges and incorporates by reference as if fully set forth herein, the allegations of the preceding paragraphs.

76.    Labor Code §§ 200, et. seq., provides that an employer is required to pay an employee all wages (including accrued vacation), within twenty four (24) hours of the employees' involuntary separation from employment; within twenty four (24) hours of his or her voluntary separation if the employee gave at least seventy two (72) hours' notice, and within seventy two (72) hours, if the employee voluntarily separated, but did not give at least seventy two (72) hours' notice.

77.    Plaintiff and other former employees of Defendant employed in the State of California separated from employment with defendant.  Plaintiff and all others similarly situated did not timely receive a final pay check from Defendant in violation of Labor Code §§

200, et seq.  Plaintiff is informed and believes and thereon alleges that defendant also violated the mandates of Labor Code §§ 200, et seq., as to other employees whose employment ended during the period of time covered by this action.

78.    Pursuant to Labor Code §§ 200, et. seq., each member of the class that

no longer works for defendant, and who was not timely paid is entitled to one (1) day of pay in penalties for each day that he or she was paid late, until payment was made, up on a maximum of thirty (30) days.

79.    Based on the willful nonpayment of wages as described above, the waiting time penalty applies to Ponce and members of the waiting time penalty subclass, which is 30 days of each class members' wages at their regular rate of pay.

## EIGHTH CAUSE OF ACTION
## CIVIL PENALTIES UNDER LABOR CODE §§ 2698-2699

80.    Plaintiff re-alleges and incorporates each and every one of the allegations of all preceding paragraphs contained in paragraphs, inclusive of this Complaint, as if fully set forth herein.

81.    Labor Code §§2698 - 2699, the Labor Code Private Attorney General Act of 2004, provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency (LWDA), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the Labor Code, may be recovered through a civil action by an aggrieved employee on behalf of himself or herself, and collectively on behalf of all other current or former employees.

82.    Whenever the LWDA, or any of its departments, divisions, commissions, boards agencies or employees, has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions to assess a civil penalty.

83.    Plaintiff, and all hourly non-exempt employees of Defendants are "aggrieved employees" as defined by Labor Code §2699, in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them

SECOND AMENDED COMPLAINT

84.     Prior to filing this First Amended Complaint, Plaintiff gave written notice to the LWDA on January 17, 2022, via mandatory online filing through the State of California LWDA/ Department of Industrial Relations website with a copy to the employer via certified mail, of the specific provisions of this code alleged to have been violated, including listing some facts and some theories to support the alleged violations as required by Labor Code §2699.3; A true and correct copy of the letter is attached hereto as **Exhibit 1**.  Plaintiff alleges that he has exhausted all administrative remedies and filed the herein complaint 65 days after mailing said notice. At the date of filing this Complaint, the LWDA has not responded with any intention to investigate.  As such, Plaintiff has exhausted his administrative requirements pursuant to LC §2699.3(a)(1) and (2) (A-C).

85.     California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of themselves and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

86.     Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiff and the aggrieved employees are entitled to recover civil penalties for each of the Defendant's violations of California Labor Code §§ 201, 201.3, 202, 203, 204, 226, 226.7, 510, 512, and 1194, 1197, and 1198 during the applicable limitations period in the following amounts:

    a. For violations of California Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 210).

    b. For violations of California Labor Code § 226(a), two hundred fifty

dollars ($250.00) per employee for initial violation and one thousand dollars ($1,000.00) per employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3).

c. For violations of California Labor Code § 512, fifty dollars ($50.00) for each aggrieved employee for each initial violation for pay period for which the employee was underpaid in addition to an amount sufficient to recover unpaid wages and one hundred dollars ($100.00) for each underpaid employee for each pay period for      which the employee was underpaid (penalty amounts established by California Labor Code § 558).

d. For violations of California Labor Code § 1197, one hundred dollars ($100.00) for each aggrieved employee for each initial and intentional violation per pay period (regardless of whether the initial violations were intentionally committed) and two hundred fifty dollars ($250.00) for each aggrieved employee for each subsequent violation per pay period (regardless of whether the initial violations were intentionally committed), in addition to an amount sufficient to recover unpaid      wages, liquidated damages pursuant to California Labor Code § 1194.2, and applicable penalties imposed pursuant to California Labor Code § 203.

e. For violations of California Labor Code §§ 201, 202, 203, and 226.7, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2)).

f. Penalties under Code of Regulations, Title 8 §11070 or other applicable Code of Regulations in the amount of $50 for each

SECOND AMENDED COMPLAINT

aggrieved employee per pay period for the initial violation, and $100 for each aggrieved employee per pay period for each subsequent violation;

g.  Penalties under Labor Code §210, in addition to and entirely independent and apart from other penalty provided in the Labor Code, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation, plus 25% of the wage wrongly withheld;

h.  Penalties under Labor Code §256, in addition to and entirely independent and apart from other penalty provided in the Labor Code, including Labor Code §2699, et seq., for any aggrieved employee who was discharged or quit, and was not paid all earned wages at termination in accordance with Labor Code §§201, 201.1, 201.5, 202, and 205.5, in the amount of a civil penalty of one day of pay, at the same rate, for each day that he or she was paid late, until payment was/is made, up to a maximum of thirty (30) days;

i.  Penalties under Labor Code §558, in addition to and entirely independent and apart from other penalty provided in the Labor Code, in the amount of $50 for each underpaid aggrieved employee for each pay period the aggrieved employee was underpaid, and $100 for each subsequent violation for each underpaid employee for each pay period for which the employee was underpaid pursuant to Labor Code §558 provided to the affected employees;

j.  Penalties under Labor Code §226.3, in addition to and entirely independent and apart from other penalty provided in the Labor Code, in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each aggrieved employee

SECOND AMENDED COMPLAINT

per pay period for each subsequent violation;

    k.   Any and all additional penalties and sums as provided by the Cal. Labor Code and/or other statutes.

    l.   Penalties under Labor Code sections 201.3 and 210 for the weekly pay violations.

87.    Pursuant to California Labor Code §2699(g), Plaintiff and the aggrieved employees are entitled to an award of civil penalties, reasonable attorney's fees and costs in connection with their claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

1.    That the Court determines this action may be maintained as a class action;

**As to the First Cause of Action:**

2.    For an order, preliminarily and permanently enjoining Defendant from engaging in the practices challenged herein;

3.    An order for full restitution of all monies, as necessary and according to proof, to restore any and all monies withheld by the Defendant by means of the unfair practice complained of herein.  Plaintiff seeks, on behalf of the putative class, the appointment of a receiver, as necessary.  The restitution includes all monies retained as wages, as defined in Labor Codes §§ 201, 202, 510 1194, 1194.2, and interest, and attorneys' fees as a result of the unfair business practices;

4.    For an order for full restitution of all wages withheld due to Defendant's unfair and fraudulent business practices;

5.    For an order finding and declaring that Defendant's acts and practices as challenged herein are unlawful, and unfair and/or fraudulent;

6.    For an accounting, under administration of Plaintiff and subject to Court Review, to determine the amount to be returned by Defendant and the amounts to be refunded to members who are or were not paid all their wages due to

Defendant's unfair business practices;

7. For the creation of an administrative process wherein each injured current and former employee receives his or her back wages in the form of overtime pay or alternatively that each current or former eligible employee may submit a claim in order to receive his/her money;

8. For an order requiring Defendant to make full restitution and payment pursuant to B&PC §§17200, et seq.;

9. For all other appropriate declaratory and equitable relief;

10. For pre-judgment interest to the extent permitted by law and the California Constitution;

11. For an order requiring Defendant to identify, by name, address and telephone number of each person who worked as an hourly exempt employee for Defendant from four (4) years preceding the filing of this action through the time of judgment;

**As to the Second Cause of Action:**

12. For damages according to proof, as set forth in Labor Code §§ 510, 1194, and 1194.2, et. seq., (and the applicable California Industrial Welfare Commission wage orders) regarding wages due and owing.

13. For pre-judgment interest as allowed by Labor Code § 1194 and California Civil Code § 3287(b), for waiting time penalties as authorized by Labor Code § 203, and for reasonable attorneys' fees;

14. For recovery of the unpaid balance of the full amount of unpaid minimum wage or overtime and double time compensation, per Labor Code §§ 204, 218, 510, 1194, 1194.2, 1197, and 1198 due and owing, according to proof;

15. For liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for the uncompensated non-overtime hours of work, as authorized by Labor Code §1194.2(a);

16. For pre-judgment interest as allowed by Labor Code §218.6, Labor

Code §1194(a) and CC §3287;

17.    For an award of reasonable attorneys' fees and costs pursuant to Labor Code §218.5 and/or Labor Code §1194(a);

**As to the Third Cause of Action:**

18.    For recovery as authorized by Labor Code §226(e);

19.    For an award of costs and reasonable attorneys' fees pursuant to Labor Code §226(e) and/or §226(h);

**As to the Fourth Cause of Action:**

20.    One (1) hour of pay at each of the employees' regular rate of compensation for each workday that a meal break was not provided, impeded, discouraged and/or dissuaded;

**As to the Fifth Cause of Action:**

21.    One (1) hour of pay at each of the employees' regular rate of compensation for each workday that a rest break was not remitted or authorized, or was impeded, discouraged and/or dissuaded.

**As to the Sixth Cause of Action:**

22.    Reimbursement of all deductions from wages related to expenses;

23.    Reimbursement for all fees relating to obtaining physical checks;

24.    Attorney fees and costs;

**As to the Seventh Cause of Action:**

25.    Waiting time penalties;

**As to the Eighth Cause of Action:**

26.    On behalf of all current and former employees, for all civil penalties authorized by Labor Code Private Attorney General Act of 2004 as specified in California Labor Code §558 plus Labor Code §1197.1 for former or current employees who are due wage payments;

27.    For civil penalties per Labor Code §226.3 in the amount of $250 for each aggrieved employee per pay period for each violation, and $1,000 for each

aggrieved employee per pay period for each subsequent violation;

28.    For civil penalties per Labor Code §256 in the amount of one day of pay, at the same rate, for each day that an aggrieved employee was paid late, at the time of termination, until payment was/is made, up to a maximum of thirty (30) days;

29.    For civil penalties, pursuant to Labor Code § 558 as follows:

(1)    For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid;

(2)    For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid;

30.    For civil penalties under Labor Code §210, in addition to and entirely independent and apart from other penalty provided in the Labor Code, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation, plus 25% of the wage wrongly withheld;

31.    For civil penalties under Labor Code §2699(f), in addition to and entirely independent and apart from other penalty provided in the Labor Code and for Labor Code violations without a specific civil penalty, in the amount of $100 for each aggrieved employee per pay period for each violation, and $200 for each aggrieved employee per pay period for each subsequent violation.

**As to All Causes of Action:**

32.    For reasonable costs incurred;

33.    For such other and further relief as this Court may deem just and proper.

/////

SECOND AMENDED COMPLAINT

1
2

Date: July 13, 2022        JANELLE CARNEY – ATTORNEY AT LAW, APC
FRONTIER LAW CENTER

3
4
5
6

Janelle Carney
Attorney for Plaintiff
Noe Ponce Ceja

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SECOND AMENDED COMPLAINT

## **JURY TRIAL DEMAND**

Plaintiff NOE PONCE CEJA herby demands a jury trial on all issues so triable.


Date: July 13, 2022         JANELLE CARNEY – ATTORNEY AT LAW, APC
                            FRONTIER LAW CENTER

              By:    _____
                     Janelle Carney,
                     Attorney for Plaintiff
                     Noe Ponce Ceja

SECOND AMENDED COMPLAINT