UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE PONCE CEJA, individually and on behalf of all others similarly situated,<br><br>                                                   Plaintiff,<br><br>v.<br><br>VENTURE DYNAMICS ENTERPRISES, INC and DOES 1-100,<br><br>                                          Defendants. | Case No.:  3:22-cv-00918-L-AHG<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO VACATE EARLY NEUTRAL EVALUATION CONFERENCE; and**<br><br>**(2) UPDATING REQUIREMENTS FOR ENE STATEMENTS TO THE COURT**<br><br>**[ECF No. 11]** |

This matter comes before the Court on the parties' Joint Motion to Vacate Early Neutral Evaluation Pending Private Mediation. ECF No. 11.

Pursuant to the Local Rules, the Court is required to hold an Early Neutral Evaluation Conference ("ENE") in every standard civil case filed in this Court within 45 days of the filing of the first Answer, for the purpose of seeking to settle the case at an early juncture. CivLR 16.1(c)(1). To that end, after Defendants filed their Answer to the original Complaint in this action, the Court set an ENE and Case Management Conference

("CMC") in this case to take place via videoconference on August 26, 2022 before Magistrate Judge Allison H. Goddard. ECF No. 5. The parties now jointly request that the Court vacate the ENE[1] so that the parties may pursue private mediation before mediator Steve Rottman on January 31, 2023. ECF No. 11-1 at 2-3.

Upon due consideration, the parties' Joint Motion to vacate the ENE (ECF No. 11) is **DENIED**. Although the undersigned encourages the parties to pursue private mediation, the mediation date of January 31, 2023 is nearly six months away, and more than seven months after the date this action was removed to this Court. *See* ECF No. 1. The Court sees no reason to delay settlement discussions for so long, particularly given that the ENE is set to take place via videoconference, thus greatly reducing the cost and inconvenience of attendance for the parties and counsel.

More significantly, the Court believes it will be helpful to the parties to shift the focus of the ENE to a discussion of the information that the parties need to reach a settlement during the private mediation in January. Indeed, to support parties in their efforts to reach settlement privately, the Court generally requires parties who request to pursue private mediation in lieu of a Court-facilitated mediation to submit a Joint Mediation Plan to the Court via email. *See* Chmbr. R. at 3.[2] The Joint Mediation Plan must include (1) the firm date of mediation; (2) the identity of the mediator; (3) a complete list of informal discovery the parties agree to exchange before mediation; and (4) a firm deadline by which the parties will exchange the informal discovery. *Id.*

Here, although the parties provided the requisite information regarding the date of mediation and identity of the mediator in their Joint Motion, they did not submit a Joint Mediation Plan to the Court, nor did they provide a list of the informal discovery to be

---

[1] The parties request that the Court keep the CMC on calendar as scheduled.

[2] Judge Goddard's Chambers Rules for civil cases may be found at https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

exchanged or a deadline for that exchange.

Therefore, keeping in mind that the focus of the ENE shall be the informal discovery exchange needed for private mediation, the Court hereby **MODIFIES** its requirements for the parties' Confidential ENE Statements as follows:

No later than **August 22, 2022**, the parties shall submit confidential statements of five (5) pages or less directly to the chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline:

> A.     the nature of the case and the claims,
>
> B.     position on liability or defense,
>
> C.     position regarding settlement of the case with a specific[3] demand/offer for settlement,[4]
>
> D.     any previous settlement negotiations or mediation efforts, and
>
> E.     **<u>a list of the information that is necessary to adequately prepare for the January 2023 mediation and to engage in meaningful settlement discussions.</u>**

All other dates, deadlines, and requirements set forth in the Court's previous Order setting the ENE and CMC (e.g., the required attendance of parties or party representative(s) with full settlement authority, requirements for requesting continuances, deadline for

---

[3] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[4] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated.  Further, the party must explain when they will be in a position to state a demand or offer.

providing participant information to the Court, expectations of professionalism, etc.) remain in place, except where explicitly modified herein. All parties are directed to review the Court's previous Order to familiarize themselves with all such deadlines and requirements, and (if needed) for technical guidance regarding the use of Zoom for the videoconference.

**IT IS SO ORDERED.**

Dated: August 10, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:22-cv-00918-L-AHG