UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOE PONCE CEJA,<br><br>                        Plaintiff,<br><br>v.<br><br>VENTURE DYNAMICS ENTERPRISES, INC., and DOES 1–100,<br><br>                        Defendants. | Case No.: 22-cv-0918-L-AHG<br><br>**ORDER DENYING JOINT MOTION TO REMAND**<br><br>**[ECF No. 28]** |

Pending before the Court is the parties' joint motion to remand to state court. (ECF No. 28.) The instant action was originally filed in the Superior Court of California and was removed on June 23, 2022. (*Id.* at 3.) The parties attended mediation on January 31, 2023. (*Id.*) The parties reached a tentative settlement that includes an agreement to remand this matter back to state court for approval. (*Id.*) The parties now request that this Court remand the present case and stay all proceedings in this matter pending settlement approval. (*Id.* at 4.) The parties also request that in the event the settlement is not approved by the state court, Defendant may remove the action back to federal court and the parties be placed in the respective litigation status as of the date the parties executed the settlement agreement. (*Id.*)

"[O]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1064 (9th Cir. 2021) (quoting *Seedman v. U.S. Dist. Ct. for*

*Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988)). *See generally United States v. Rice*, 327 U.S. 742 (1946). Therefore, upon granting the parties' joint motion to remand the Court loses the ability to issue a stay in the proceedings or retain future jurisdiction. Accordingly, the Court declines to grant the parties' requests and the joint motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 15, 2023

Hon. M. James Lorenz
United States District Judge